FILED
U.S. ... N.Y.
★ DEC 5 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IRVING WALKER,

                             Plaintiff,

        -against-

THE CITY OF NEW YORK, DETECTIVE JOSE G. SANTIAGO, tax #923113, shield #3584, John Does 1-5,

                             Defendants.
------------------------------------------------------------x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11CV2369 (CBA) (RLM)

**WHEREAS**, plaintiff commenced this action by filing a complaint on or about May 17, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff IRVING WALKER the sum of EIGHTY FIVE THOUSAND ($85,000.00) Dollars, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this

sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action, including claims for defamation and claims alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. Neither the filing of the complaint in this action, the allegations in the complaint, nor the settlement of this action shall be asserted by plaintiff or his counsel in any other litigation or proceeding as evidence of wrongful conduct on the part of the City of New York or any present or former employees or agents of the

City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant the City of New York reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
November 30, 2011

Richard J. Cardinale
The Law Firm of Richard J. Cardinale
26 Court Street
Suite 1815
Brooklyn, NY 11242

Michael O. Hueston
Michael Hueston, Attorney at Law
350 Fifth Avenue
Suite 4810
New York, NY 10118

By: _____
Michael O. Hueston
*Attorney for Plaintiff*

By: _____
Richard J. Cardinale
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants City of New York
and Detective Jose Santiago*
100 Church Street, Rm. 3-171
New York, New York 10007
(212) 788-1177

By: _____
Linda Mindrutiu
Assistant Corporation Counsel

Dated: New York, New York
Dec. 2, 2011

SO ORDERED:

_____
HON. CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

4